HENDRY, Judge.
This interlocutory appeal by plaintiff is from a partial summary final judgment entered in favor of defendant, Employers Mutual Liability Insurance Company of Wisconsin (“Employers”) as to all allegations of the complaint made against Employers except such allegations as relate to property damage caused by the collapse of a lift in London, England.
Plaintiff’s complaint in its material portions alleged that it purchased forty-seven “Hi-Lift Scissor Lifts” from defendants Charles Traficant and Rozella S. Traficant, individually, and doing business as Truck & Equipment Service, and Truck & Equipment Service pursuant to a certain purchase order. The Traficants are alleged to be the seller and manufacturer. It asserted that the Traficants expressly and impliedly warranted the lifts to be of merchantable quality and reasonably fit and suited for the purpose for which they were sold and intended, and that defendants negligently designed or constructed the lifts, thereby breaching express and implied warranties. The complaint next states that as a direct and proximate result thereof one of the lifts collapsed in London, and plaintiff was required to repair and modify and redesign all of the lifts purchased from defendants. The complaint specifically alleged that the Traficants breached their express warranty of the load capacity of the lifts as well as their warranty of fitness for a particular use, all of which caused plaintiff to sustain damages to its property, good name and reputation.
Employers was made a party defendant in the cause by virtue of a policy of liability insurance written by Employers for Trafi-cant. Employers filed its answer denying that the policy of insurance issued by it extended coverage for the claims filed by the plaintiffs. All other material allegations were also denied.
The trial court determined on motion for summary judgment that Employers was entitled to such judgment in all respects as to all allegations against it, except as to those that pertained to the property damage caused by reason of the incident which occurred in London, England, as specifically set out in paragraph 4.e of count one of the complaint, which reads as follows:
“That the Defendants, TRAFICANT, did so negligently design and/or construct and/or manufacture said scissor lifts and had breached their expressed and implied warranties by failing to furnish Hi-Lift Scissor Lifts which were of merchantable quality and reasonably fit for the purpose for which they were intended. As a direct and proximate result thereof, when such scissor lifts were being used by Pan American Airways in London, England, for the purpose for which they were sold and intended, on *58 or about August 18, 1969, one such Hi-Lift Scissor Lift did collapse causing personal injury to persons in the truck van body and property damage to the truck van used therewith.”
The partial summary final judgment was, in effect, a holding by the trial court that as a matter of law the policy of Employers provided no coverage for the Traficants’ alleged breach of warranty as to the forty-six lifts which did not physically collapse and that Employers would have no liability under the provisions of its products liability policy [1] unless physical damage could be shown.
Plaintiff Wollard Aircraft Equipment, Inc., contends for reversal that the trial court erred in granting partial summary judgent in favor of Employers because of a breach of warranty by the Traficants as to the scissors lift resulting in property damage to Wollard, notwithstanding' the collapse of only one of the lifts. It also contends that the trial court erred in granting the partial summary final judgment, which held as a matter of law that Employers had no liability for personal injuries arising out of the accident occurring in London, England. The appellee Employers contends that there is no insurance coverage and therefore the final partial summary judgment was properly entered.
In order for liability to attach under the product liability insurance policy provisions, the damage must occur to a person or property other than the product of the insured itself. Bowman Steel Corporation v. Lumbermens Mutual Casualty Co., 364 F.2d 246 (3d Cir. 1966); Maurice Pincoffs Company v. St. Paul Fire and Marine Insurance Company, 447 F.2d 204 (5th Cir. 1971).
We have carefully examined the record on appeal in the light of the policy provisions, briefs and arguments of counsel and have concluded that there has been no error shown to have been committed by the trial judge in his entry of the partial summary final judgment here under review, which limited the triable issues to the claim set forth in paragraph 4.e of the complaint.
Affirmed.

. “DEFINITIONS
“When used in this policy (including endorsements forming a part hereof) :
ijs * Hi *
“ ‘Occurrence’ means an accident, including injurious exposure to conditions, which results, during the policy period, in bodily injury or property damage neither expected nor intended from the standpoint of the insured:
* * * * *
“COVERAGES
H« * * # *
“The company will pay on behalf of the insured all sums which the insured shall become legally obligated to pay as damages because of Coverage A. bodily injury or Coverage B. property damage . . . caused by an occurrence,
“Exclusions
“This insurance does not apply:
* H« * * *
“(k) to bodily injury or property damage resulting from tlie failure of the named insured’s products or work completed by or for the named insured to perform the function or serve the purpose intended by the named insured, if sucli failure is due to a mistake or deficiency in any design, formula, plan, specifications, advertising material or printed instructions prepared or developed by any insured; but this exclusion does not apply to bodily injury or property damage resulting from the active malfunctioning of such products or work.
* *. * * *
“(n) to damages claimed for the withdrawal, inspection, repair, replacement, or loss of use of the named insured’s products or work completed by or for the named insured or of any property of which such products or work form a part, if such products, work or property are withdrawn from the market or from use because of any known or suspected defect or deficiency therein; . . . ”